**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRENDA JACKSON-JOHNSON**, | |
| Plaintiff, | |
| v. | Civil Action No. 13-cv-528 (TSC)(AK) |
| **DISTRICT OF COLUMBIA,** | |
| Defendant. | |

## <u>ORDER</u>

On March 30, 2015, Magistrate Judge Kay entered a Report and Recommendation (ECF No. 19) on Plaintiff's Motion for Summary Judgment (ECF No. 10) and Defendant's Cross-Motion for Summary Judgment (ECF No. 12).  Pursuant to Local Civil Rule 72.3 the parties were allowed fourteen (14) days in which to file objections to the Report and Recommendation. Neither of the parties, who are each represented by counsel, have lodged any objections to the Report and Recommendation.

This case centers on the DCPS's failure to provide an "adaptive evaluation" of T.J., a minor child of Plaintiff entitled to receive a Free Appropriate Public Education.  (Report at 2, 3-4).  In administrative proceedings below, a hearing officer concluded that this refusal did not amount to a violation of the Individuals with Disabilities in Education Improvement Act (the "IDEA"), a conclusion Plaintiff challenges in this civil action.  (Report at 5).  Although delays in evaluations and reevaluations are typically deemed procedural, and not substantive, violations of the IDEA (Report at 11-13), Judge Kay concluded that DCPS's "protracted refusal to evaluate T.J. was a substantive violation of the IDEA, not a procedural one."  (Report at 17).  Noting that the undersigned might disagree with that conclusion and determine instead that DCPS's failure was a mere procedural violation, Judge Kay alternatively recommended a remand to the hearing

officer "to further develop the record and to determine whether or not that procedural violation affected T.J.'s substantive rights under the IDEA." (*Id.*).

In *Harris v. District of Columbia* the court found that a "failure to act on a request for an independent evaluation is certainly not a mere procedural inadequacy; indeed, such inaction jeopardizes the whole of Congress' objectives in enacting the IDEA." 561 F. Supp. 2d 63, 69 (D.D.C. 2008). There the court found that a two year delay in re-evaluating a student whose parents believed her IEP was based on an improper behavioral assessment, during which the student "languished…with an IEP that may not be sufficiently tailored to her special needs," amounted to a substantive violation of the IDEA. *Id.* Plaintiff here argued, and Magistrate Judge Kay agreed, that the "protracted refusal" to provide the reevaluation for T.J. was akin to the substantive violation in *Harris.* (Report at 17). Defendant argued that *Harris* is inapposite, relying on a subsequent decision from this district that rejected a *per se* rule that a delay in reevaluation is a substantive IDEA violation and instead adopted a rule requiring a demonstration that the student suffered an "educational harm." *Taylor v. District of Columbia*, 770 F. Supp. 2d 105, 109-110 (D.D.C. 2011). In that case, DCPS had delayed providing the requested evaluation for about six months, a far cry from the two year delay at issue in *Harris* or the thirteen month delay at issue here. 770 F. Supp. 2d at 106-07; *see also Smith v. District of Columbia*, No. 08-2216, 2010 WL 4861757, at *3 (D.D.C. Nov. 30, 2010) (declining to apply *Harris* where evaluation had been provided within a reasonable time period).

Defendant alternatively argued that even if *Harris* had not been abrogated by *Taylor*, it would still be inapplicable here because Plaintiff did not present evidence that T.J. "'languished' in the way that the student at issue in *Harris* did." (Report at 13). However, Plaintiff provided

ample evidence to support the conclusion that a reevaluation was necessary to ensure the use of appropriate educational strategies.  Judge Kay noted that the "overwhelming majority of" the testimony from T.J.'s principal focused "on how the lack of evaluations affected T.J." negatively by leaving his educational team in the dark about his individualized needs.  (Report at 15-16).[1] Given the record evidence and the failure of either party to object to Judge Kay's conclusion, the Court agrees with Judge Kay that the year-long delay in agreeing to provide a reevaluation amounted to a denial of a FAPE and a substantive IDEA violation.

After careful consideration of the record in this case and the Report and Recommendation, the court hereby ADOPTS the report and ACCEPTS the recommendations of the Magistrate Judge; and it is, therefore,

**ORDERED** that Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment are **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that DCPS comply with Plaintiff's request for a reevaluation in a timely fashion and without undue delay; and it is further

**ORDERED** that DCPS shall convene an IEP meeting no later than 15 days after receipt of the reevaluation; and it is further

**ORDERED** that this matter is **REMANDED** to the Hearing Officer to develop the record to determine what, if any, compensatory education would be appropriate to ameliorate the denial of a FAPE.

SO ORDERED.

---

[1] The Court agrees with Judge Kay that the principal's affirmative response to the hearing officer's question "is New Beginning offering [T.J.] a free appropriate public education," is "at-odds with" the remainder of the principal's testimony.  (Report at 16).

April 23, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge