UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRENDA JACKSON-JOHNSON | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-cv-00528 (TSC)(AK) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff, the parent of T.J., a minor who is entitled to receive a free appropriate public education ("FAPE"), seeks to recover $79,468.33 in attorney's fees and costs under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq* (2010). The Magistrate Judge to whom this action was referred recommends awarding $35,938.75. Upon careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation ("Report"), and the objections or responses thereto, the court GRANTS in part and DENIES in part Plaintiff's Motion for Attorney Fees and Costs, and awards Plaintiff $47,087.05 in fees and costs.

**I.     BACKGROUND**

Plaintiff filed a due process complaint with the District of Columbia Office of the State Superintendent of Education on T.J.'s behalf in 2012, alleging that the District of Columbia Public Schools ("DCPS") failed to comprehensively assess T.J.'s intellectual abilities, in particular his adaptive behavior, thus denying T.J. a FAPE and violating the IDEA and its

1

implementing regulations. (Comp. ¶¶ 24-25). After a three-hour hearing on January 14, 2013, the Hearing Officer found that "the failure of DCPS to conduct a reevaluation within a reasonable period of time after the request by the student's parent and the student's IEP Team . . . did not impede the student's right to a FAPE." (Administrative Record at 5). Plaintiff then filed this suit, which was referred to Magistrate Judge Kay. After the parties filed cross motions for summary judgment, Judge Kay issued a Report and Recommendation finding that DCPS had denied T.J. a FAPE, and that the protracted delay in reevaluating T.J. amounted to a substantive violation of the IDEA. The court adopted the Report and Recommendation in its entirety. Plaintiff then filed a Motion for Attorney Fees.[1]

Plaintiff argues that her attorneys are entitled to rates in accordance with the Legal Services Index-adjusted *Laffey* Matrix[2] (commonly referred to as the "enhanced *Laffey*," but referred to herein as the "LSI Matrix" to avoid confusion) "because (1) her attorneys are recognized experts in the field, (2) her attorneys regularly charge and receive such a rate, and (3) because LSI Matrix rates are in line with prevailing rates in the Washington, D.C. area." (Report at 8). In support of her Motion, Plaintiff provided declarations to establish her attorneys' experience, skill, and reputation in IDEA matters, along with their billing rates; a declaration from Dr. Michael Kavanaugh, the economist who created the LSI Matrix; a National Law Journal partner billing rate survey; and five declarations from lawyers with experience in IDEA

---

[1] It is uncontested that Plaintiff is a prevailing party under 20 U.S.C. §1415(i)(3)(B). (Report at 7).

[2] "A fee matrix lays out hourly fees charged by attorneys at various levels of experience in a particular geographic region or market for the same type of work." *Reed v. District of Columbia*, No. CV 14-1887 (JEB), 2015 WL 5692871, at *3 (D.D.C. Sept. 28, 2015). "The most commonly used fee matrix is the '*Laffey* Matrix,'" which is maintained by the U.S. Attorney's Office. *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015). But, "[b]ecause the USAO *Laffey* Matrix relies on inflation in general rather than legal-services inflation specifically, its critics have advocated, to some degree of success, for a competing *Laffey* Matrix (LSI *Laffey* Matrix) that uses the Legal Services Index of the Bureau of Labor Statistics to adjust for inflation." *Id.*, at 101.

2

litigation and other areas of law, all stating that IDEA litigation is at least as complex as other types of litigation which routinely receive fee awards at rates in line with the *Laffey* Matrix. (Report at 9).

On September 15, 2015, the Magistrate Judge issued his Report and Recommendation regarding Plaintiff's Motion, and recommended awarding fees for all substantive work at a rate of 75% of the *Laffey* Matrix amount, with rates corresponding to the respective years in which work was performed. (Report at 14). For all fees-on-fees work, the Report recommended awarding Plaintiff a rate of 50% of the *Laffey* Matrix value. (Report at 16). Plaintiff objects to the Report and Recommendation, arguing that the reasonable hourly rate determination is flawed, and that her attorneys expended more time in litigation than the Magistrate Judge accounted for.

## II.   LEGAL STANDARD

When a Magistrate Judge issues a recommendation for a dispositive motion, the "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The judge may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In IDEA litigation, a "court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). Attorneys' fees awards should be "adequate to attract competent counsel, but . . . [should] not produce windfalls to attorneys.'" *Blum v. Stenson*, 465 U.S. 886, 893–94 (1984). In moving for fees under the IDEA, "the fee applicant bears the burden of establishing

entitlement to an award and documenting the appropriate hours expended and hourly rates." *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "Fees awarded . . . shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415 (i)(3)(C). While the IDEA "provides no further guidance for determining an appropriate fee award," this Circuit follows the three-part analysis set forth in *Blum* to establish proper fee awards: "[f]irst, the court must determine the number of hours reasonably expended in litigation. Second, it must set the reasonable hourly rate. Finally, it must determine whether use of a multiplier is warranted." *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (internal citations and quotations omitted). The IDEA prohibits a bonus or multiplier. 20 U.S.C. § 1415(i)(3)(C).

### III. ANALYSIS

#### a. The Reasonable Hourly Rate

"Whether an hourly rate is reasonable turns on three sub-elements: (1) 'the attorney['s] billing practices,' (2) 'the attorney['s] skill, experience, and reputation' and (3) 'the prevailing market rates in the relevant community.'" *Eley*, 793 F.3d at 100 (quoting *Covington*, 57 F.3d at 1107). "To establish the prevailing market rate, a plaintiff bears 'the burden to produce satisfactory evidence—in addition to [her] attorney's own affidavits—that [her] requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Merrick v. District of Columbia*, No. CV 14-1174 (ABJ), 2015 WL 5732105, at *6 (D.D.C. Sept. 29, 2015) (citing *Eley,* 793 F.3d at 104). A useful starting point in determining the prevailing market rate is to use a fee matrix, the most

common of which is the *Laffey* Matrix. *Eley*, 793 F.3d at 100. However, a court "flips the burden of persuasion on its head" if it begins from the premise that "some version of the *Laffey* matrix is presumptively reasonable." *Id.* at 105. Instead, it is Plaintiff's burden to establish that any fees should be awarded at all. *Covington*, 57 F.3d at 1107.

Plaintiff raises seven objections to the Report and Recommendation's reasonable hourly rate determination, specifically that the Magistrate Judge: (1) rejected direct evidence of market rates; (2) rejected uncontested evidence of the complexity of IDEA litigation, while ignoring other evidence of complexity; (3) considered individual case complexity; (4) rejected uncontested evidence of the correct way to adjust the *Laffey* Matrix for inflation; (5) misapplied *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010); (6) recommended against the application of current *Laffey* Matrix rates; and (7) applied a lower hourly rate to the fee reimbursement work.

For all of the reasons stated in the Report, the court accepts its recommendations as to the reasonable rate, and awards fees for substantive work at a rate of 75% of the *Laffey* Matrix amount corresponding to the year in which the respective work was performed, while fees-on-fees work is awarded a rate of 50% of the *Laffey* Matrix amount. The court agrees with Judge Kay's finding that Plaintiff's supporting attorney declarations do not indicate how many of their clients actually pay the LSI or *Laffey* Matrix rates out of pocket, the Kavanaugh Declaration "does not track 'inflation levels specific to Washington, D.C.'" and provides no insight as to the prevailing rate for IDEA services in the community, and the NLJ survey highlights billing rates at large law firms which do not provide similar IDEA services. Judge Kay also noted that this litigation did not rise to the level of complexity that justifies attorneys' fees at the LSI Matrix rate, and both of Plaintiff's attorneys continue to take on IDEA litigation while being awarded

attorneys' fees at 75% of the *Laffey* rate. (Report at 10-14). On the issue of complexity, the Report stressed that the *Laffey* Matrix was designed as a presumptive maximum hourly rate for complex federal litigation in this District. (Report 11).

Additionally, the court notes that while "[p]rior to *Eley*, district courts within this circuit were split on whether *Laffey* applied to IDEA cases . . . since *Eley*, however, courts in this jurisdiction have interpreted the decision as strongly suggesting that IDEA matters are infrequently comparable to complex federal litigation, and therefore, full *Laffey* rates should not be awarded in such cases." *Snead,* 2015 WL 5921901, at *3.[3]

  b. <u>Number of Hours Worked</u>

Plaintiff also argues that Judge Kay inadvertently omitted from the award 24.2 hours that her counsel Hecht worked, and 17 hours that her counsel Tyrka worked. (Objection at 13). Defendant's only response is that the decision to award these hours is discretionary and up to the court. The court agrees with Plaintiff and will award fees for these additional hours.

For the 24.2 hours at issue for Hecht, the court will award attorneys fees based on the 75% of the *Laffey* rate for the respective year in which this work was done, because the time involved work on substantive matters. The court calculates its award as follows: 11.8 hours were completed prior to June 1 2015, so the applicable rate is $277.50 per hour (three-quarters of the 2014-15 *Laffey* Matrix amount for an attorney with 8-10 years of experience); the additional 12.4 hours after June 1, 2015 are awarded a rate of $289.50 per hour (three-quarters of the 2015-16

---

[3] Other recent IDEA cases awarding rates at 75% of the *Laffey* Matrix include: *McNeil v. District of Columbia*, No. CV 14-1981 (RC), 2015 WL 9484460 (D.D.C. Dec. 29, 2015); *Reed v. District of Columbia*, No. CV 14-1887 (JEB), 2015 WL 5692871 (D.D.C. Sept. 28, 2015); *Snead v. District of Columbia,* No. 1:15-CV-00376 (ESH), 2015 WL 5921901 (D.D.C. Oct. 7, 2015); *Collins v. District of Columbia*, No. 15-CV-00136 (KBJ), 2015 WL 7720464, at *9 (D.D.C. Nov. 30, 2015); *Taylor v. District of Columbia*, No. CV 14-0935 (PLF), 2015 WL 5611195, at *3 (D.D.C. Sept. 22, 2015); *Tillman v. District of Columbia*, No. CV 14-1542 (CKK), 2015 WL 5011656, at *6 (D.D.C. Aug. 24, 2015).

*Laffey* Matrix amount for an attorney with 8-10 years of experience). Thus the total award for these 24 hours is $6,864.30. For the 17 hours Tyrka spent on the reply brief, the court applies a rate of $252 per hour (50% of the 2015-16 *Laffey* rate for an attorney with 16-20 years experience), for a total of $4,284. Thus the total increase in fees awarded is $11,148.30.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys Fees and Costs is GRANTED IN PART and DENIED IN PART and Plaintiffs are awarded total fees and costs of $47,087.05. A corresponding order will issue separately.

Date:  March 31, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge